# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

**United States of America,**

               Plaintiff,

      v.

**Pearl Mibbs,**

               Defendant.

**REPORT and**

**RECOMMENDATION**

21-cr-6131-EAW-MJP-2

## INTRODUCTION and BACKGROUND

Defendant Pearl Mibbs moved for a competency evaluation in this action under 18 U.S.C. § 4241. (ECF No. 83, April 26, 2024.) The government did not oppose. For the reasons stated in Defendant's attorney's declarations, (ECF Nos. 87 & 88, May 8, 2024), I granted that request and ordered that a psychiatric or psychological examination of Defendant take place pursuant to 18 U.S.C. § 4241(b). (ECF No. 89, May 9, 2024.) I found reasonable cause to believe that Defendant could be suffering from a mental disease or defect rendering her unable to understand the nature and consequences of the proceedings against her and to assist properly in her defense.

After my order, the United States Marshal's Service transported Defendant for evaluation. Dr. Cynthia A. Low, Ph.D., a forensic psychologist, prepared a detailed report finding that Defendant demonstrates "a sufficient ability to understand the nature and consequences

1

of the court proceedings against her, and an adequate ability to properly assist counsel in her defense." (Forensic Evaluation at 12, ECF No. 94, Aug. 27, 2024 (sealed).) The report reflects a careful evaluation of Defendant's ability to understand the nature and consequences of the proceedings against her and ability and willingness to assist properly in her defense. (*See generally id.*)

After reviewing the report, I set a competency hearing in the event Defendant wished to challenge Dr. Low's evaluation. (Text Order, ECF No. 93, Aug. 22, 2024.) Thus, I afforded Defendant "an opportunity to testify, to present evidence, to subpoena witnesses … and to confront and cross-examine witnesses" at the hearing pursuant to 18 U.S.C. § 4247(d). Defendant declined to do so. Instead, during that appearance, Defendant indicated her interest in proceeding with a plea and that her intent was not to challenge Dr. Low's findings. (Minute Entry, ECF No. 95, Aug. 27, 2024.)

## DISCUSSION

"[I]t is unclear whether a magistrate judge has the authority to rule on a litigant's competency." *Zietek v. Pinnacle Nursing & Rehab Ctr.*, No. 21CIV5488ATJLC, 2023 WL 1471755, at *1 (S.D.N.Y. Feb. 2, 2023) (collecting cases). But the common practice of magistrate judges outside of this District, *see id.*, and within it is to issue a report and recommendation where competency is concerned. *See, e.g., United States*

*v. Swan*, No. 17-CR-6104-FPG, 2018 WL 375848, at *1 (W.D.N.Y. Jan. 11, 2018) (noting that my predecessor, the Hon. Jonathan W. Feldman, reported and recommended "finding [the] [d]efendant competent to stand trial"). Because of this, and because Chief Judge Wolford is in a far better position to evaluate Defendant's competency as it concerns a plea, I am issuing a report and recommendation.

As stated, I found Dr. Low's report evaluated Defendant's ability to stand trial carefully. Relying on Dr. Low's report, (ECF No. 94), and Defendant's choice not to challenge it, I report and recommend that Chief Judge Wolford find Defendant competent under 18 U.S.C. § 4241. Based on my review of Dr. Low's report and the record before me, I report and recommend a finding that Defendant is not presently suffering from a mental disease or defect that would render her mentally incompetent to the extent that she would be unable to understand the nature and consequences of the proceedings against her or render her unable to assist properly in her defense. 18 U.S.C. § 4241.

## CONCLUSION

My recommendation is that the Hon. Elizabeth A. Wolford, Chief Judge, find Defendant competent pursuant to 18 U.S.C. § 4241. Further, I hereby

**ORDER**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and, as applicable, Local Rule of Criminal Procedure 59(b) or Local Rule of Civil Procedure 72(b). **The parties are directed to review the applicable Local Rule of Civil or Criminal Procedure.**

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

**Failure to comply with the provisions of the Local Rules of Criminal or Civil Procedure may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

Dated:     August 27, 2024
           Rochester, NY          */s/ Mark W. Pedersen*
                                  MARK W. PEDERSEN
                                  United States Magistrate Judge